JjGORBATY, J.
Defendants, Allstate Insurance Company and Stacey Madej, appeal a judgment of the trial court in favor of plaintiffs, Rolanda Fernandez and her minor daughter, Allenia. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY:
According to Ms. Fernandez, on April 30, 1997, she was proceeding east on General Meyer to drop off her daughter at day care. She was in the far right lane of travel, traveling at approximately 25 to 30 miles per hour. About one to two blocks before the intersection with Shirley Drive, she observed that the traffic light controlling her lane of travel was green. She saw two cars make left turns across her lane of travel before she reached the intersection. Ms. Fernandez claimed that as she neared the intersection, she looked both to her left and right, but did not see any other cars. As she entered the intersection, a vehicle being driven by Stacey Madej struck the left front of her vehicle.
Ms. Madej could not testify at trial because of the impending birth of her child. The trial court allowed her deposition testimony to be taken after the trial Rand submitted for its consideration. Ms. Ma-dej testified that she was on her way from one of her employer’s offices to another at the time of the accident. She entered the left turning lane on General Meyer and stopped behind two other vehicles waiting *798 to turn onto Shirley Drive. She followed the other two cars through the intersection after the light changed to a green arrow. Ms. Madej explained that it was her understanding that if her lane of travel had a green light, she must yield to oncoming traffic. However, if she had a green arrow, the oncoming traffic must yield to her. Ms. Madej did not see the Fernandez vehicle until it was too late to avoid the collision.
A judge trial was conducted on December 14,1999. The judge accepted evidence and testimony and allowed the matter to remain open for the submission of Ms. Madej’s perpetuation testimony. A judgment was rendered on March 14, 2000, finding Ms. Madej one hundred percent at fault for the accident, and awarding damages to Ms. Fernandez in the amount of $12,500 in general damages and $4,108.18 in special damages, and $250 in general damages to Ms. Fernandez’s minor daughter.
Defendants appeal the judgment claiming the trial court erred in finding Ms. Madej one hundred percent at fault for the accident, and in awarding an excessive amount of general damages to Ms. Fernandez.
DISCUSSION:
In their first assignment of error, defendants claim that the trial court erred in finding Ms. Madej one hundred percent at fault for the accident. Specifically, they | sdaim that because there was a conflict in the testimony as to which driver had the right of way, the trial court should have found each driver to be equally at fault.
Defendants recognize that when a trier-of-fact is faced with conflicting testimony, the credibility of the witnesses will determine how much weight should be given to the testimony. They argue, however, that this rule should not apply in this case because they were forced to present Ms. Madej’s testimony by deposition because of the imminent birth of her child. Ms. Madej was nine months pregnant at the time of trial, and in fact, delivered two days after the trial. Defendants claim that they requested a continuance of the trial, but that counsel for plaintiffs would not agree. The record indicates that defendants contacted plaintiffs’ counsel in an attempt to take Ms. Madej’s deposition before trial, but a date could not be agreed upon. Defense counsel did not file a written motion to continue until it became too late to take Ms. Madej’s deposition prior to trial. The trial court denied the motion indicating that it would allow the deposition to be taken after trial, and submitted prior to judgment. Nonetheless, defendants now claim prejudice because Ms. Madej could not testify in person, thus preventing the court from considering her live testimony. Defendants knew well in advance of trial of Ms. Madej’s due date, and the possible conflict with the trial date. Furthermore, by their own admission, they sought to take Ms. Madej’s perpetuation testimony prior to trial, and, therefore, cannot claim that the denial of the motion to continue prejudiced their case.
|4Pefendants further argue that because Ms. Madej’s testimony is clear, and Ms. Fernandez’s testimony is not, the trial court should have found Ms. Fernandez to be at fault. At the very least, fault should have been divided equally between the two drivers.
It is clear from defendants’ brief that they are well aware of the standard of review this Court is bound to follow. This Court may not upset a trial court’s finding of fact or allocations of fault unless the trial court is clearly wrong in its conclusions.
*799 After reviewing the record, we find no error in the trial court’s allocation of fault. There are no independent witnesses to this accident. The only evidence on which the trial court could rely was the testimony of the two drivers. Ms. Fernandez testified that she was absolutely sure she had a green light as she proceeded through the intersection. Ms. Madej, on the other hand, testified that she at first stopped for the red light in the turning lane behind two other cars. After the light changed to a green arrow for the turning lane, she followed the two other cars through the intersection. It is possible that by the time Ms. Madej began to traverse the intersection, her signal had changed to a green light only, requiring her to yield to the oncoming lane of traffic. However, there is no evidence in the record to confirm the actual sequence or timing of the signals. Further, the police report is not helpful because it indicates that the investigating officer did not issue citations due to the drivers’ conflicting versions of the facts. However, there is sufficient evidence in the record, albeit Ms. Fernandez’s self-serving testimony, to support the trial court’s conclusion that Ms. Fernandez had the right-of-way. Accordingly, we find no error in the trial court’s assignment of fault.
 Defendants also assign as error the trial court’s award of damages. Defendants claim that there is no medical evidence to support Ms. Fernandez’s claim that she was still experiencing pain at the time of trial. Rather, they claim that because she was discharged by her treating physician two and one-half months after the accident, and sought no further medical treatment, the general damage award of $12,500 is excessive.
An appellate court should not upset a trial court’s award of general damages absent an abuse of discretion. The discretion vested in the trial court is “great,” and even vast. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993). Only when an award is beyond that which “a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.” Id.
The medical records submitted into evidence indicate that Ms. Fernandez drove herself and her daughter to the West Jefferson Hospital emergency room a few hours after the accident. Ms. Fernandez complained of headaches and bilateral knee pain. She had an abrasion to her upper lip, and blood in her nostrils. She was diagnosed with a knee contusion and blunt head trauma. The emergency room records indicate that she was given a “work excuse,” although the nature of the excuse is not clear.
On May 2, 1997, Ms. Fernandez saw Dr. Irra for the first time. The report indicates a history of a motor vehicle accident two days prior wherein Ms. Fernandez related she struck her face and head. She reported a loss of consciousness, but the report indicates that the doctor found this fact questionable. She complained of headaches, neck pain radiating to her left shoulder, and pain Dover her lip. She reported no dizziness, nausea or vomiting. Upon physical examination, Dr. Irra found a shallow laceration and contusion over her upper lip, with minimal swelling. There were no other obvious signs of trauma. She experienced pain in the cervical region with range of motion movements. Ms. Fernandez had full range of motion in her shoulder and rotator cuff. She complained of pain over her deltoid muscle, and the trapezius upon raising her arm. Dr. Irra diagnosed post-traumatic sinus headaches, lip laceration/contusion/abrasion, a cervical *800 strain, and a left shoulder strain.[1] The doctor recommended physical therapy for her neck pain, and Ms. Fernandez subsequently attended twenty-three sessions for the application of heated towels and cold packs in the doctor’s office.
At her next visit on May 30, 1997, Ms. Fernandez reported improvement in her neck and shoulder, but that she was still experiencing occasional headaches. The report indicates that her lip was healing nicely.
The third and final doctor visit was on July 29, 1997. Ms. Fernandez indicated that she had no more aches and pains.
Ms. Fernandez testified that upon impact she struck her mouth and nose on the steering wheel, cutting her upper lip. At the emergency room, she was given ointment to put on her lip. She stated that her baby was not injured, a fact supported by the emergency room report. Ms. Fernandez testified that she told Dr. Irra that her left shoulder, back, neck, and knees were hurting, and that she had “migraine-like” headaches. She stated that these headaches lasted all day, and that she experienced them two to three times a week. Although Ms. Fernandez stated 17that she saw Dr. Blamphin[2] three times a week for two and one-half months, we surmise from the medical records that she is referring to physical therapy sessions. Ms. Fernandez testified that at the time of discharge she was still having occasional headaches and back pains. She would apply heat compresses at home to relieve the pain. After discharge, she continued to have headaches two to three times per week. She stated that her neck and back pain did not clear up until several months after the accident. At the time of trial, over two and one-half years after the accident, she still complained of headaches one or two times a week.
On cross-examination, Ms. Fernandez stated that she was surprised that the doctor’s report did not reflect her complaints of low back pain. She also disagreed with the May 30 report that indicated her neck and shoulder had improved. Ms. Fernandez did not dispute that she told the doctor on July 29 that she had no aches and pains at that time, but explained that her headaches “resurfaced” after that time. She reiterated that at the time of trial she still had neck and back pain and headaches.
Based on the documented medical evidence and Ms. Fernandez’s testimony, we cannot say that the trial court abused its discretion. The award bears a reasonable relationship to the elements of the proved damages. Although this Court could determine that a lesser award is more appropriate, we cannot conclude from the entirety of the evidence, viewed in a light most favorable to Ms. Fernandez, that the award made is one of those “exceptional cases where such awards are so gross as to be contrary to right reason.” Youn, supra at 1261, citing Bartholomew v. CNG Producing Co., 832 F.2d 326 (5th Cir.1987).
| ^Accordingly, for the reasons assigned above, we affirm the judgment of the trial court. All costs of this appeal are to be borne by defendants.
AFFIRMED.

. Contrary to the brief submitted by plaintiffs’ counsel, there is nothing in Dr. Irra's report about a lumbar strain.

. Dr. Irra and Dr. Blamphin practice out of the same office.